All rise, this court is now in session. Please be seated. Would the court call the next case please? Case number 314-0950, consolidated with 314-0951 and 314-0952. People of the State of Illinois, an athlete by Don Duffy v. Sherita Webb, also known as Sherita Butler, appellate by Mario Platt. Mr. Platt, good morning. Good morning, your honors, counsel, may it please the court. My name is Mario Clattis. I'm an assistant appellate defender with the Office of the State Appellate Defender, and I represent the defendant, appellant Sherita Webb. Your honors, the issue in this appeal is simple. When you are in simultaneous pre-sentence custody in two or more cases and you go from a jail cell, excuse me, to a prison cell in one of them, you do not stop being in pre-sentence custody in the other cases. In Ms. Webb's case, the Will County Court, when the Will County Court resentenced her for violating her probation, the prosecutor, defense counsel, and the judge all concluded that she started her custody in Will County cases in summer 2013, and she was given credit from June 2013 to September 18, 2013, the day she started her prison term in the Cook County case. The court correctly gave Webb credit for that time in her Will County cases. Subsection B of the custody credit statute guaranteed that she'd get credit for all time spent in custody in her Will cases, even if she was simultaneously in custody in the Cook case. The facts of Webb's case all point to her being in custody in Will County in summer 2013. There was a petition to revoke filed in June 2013, an arrest warrant application in June 2013. The court issued a writ of habeas corpus in July 2013, bringing her from Cook County Jail to the Will County Court, thereby exercising its jurisdiction over her. In August 2013, defense counsel actually asked the court to find that she was in custody. The judge said okay. The prosecutor didn't object. All of these things support the court's ruling that her custody started in Will County in summer 2013. In sentencing, the court credited Webb for June 6, 2013 to September 8, 2013, the day she started her Cook County prison term. Defense counsel argued that her sentences for the Cook and Will cases were not running consecutively, that they could run concurrently by law, and therefore she should get custody credit in Will County from September 19, 2013, which is the day after she started her prison term, through the end of her Cook County sentence on November 20, 2014. The judge agreed with counsel that her sentences in Cook and Will would run concurrently by law. The judge said that was valid. However, the judge ruled that she couldn't get custody credit from September 19, 2013, through the end of her Cook sentence because, according to the court, you can't get pre-sentence custody in one case if you're serving a prison term in another. This is clearly wrong under the law. Cases like People v. Spencer and People v. Johnson that I relied on in my appellate brief I'll show that you can accrue pre-sentence custody in a case while you are serving a prison term in another. There's no question about this. But isn't the problem more that the warrant didn't issue and that there was no bond set, so there was no surrender there? In cases where the defendant surrenders an exoneration of bond or an arrest warrant issue, that's sufficient to show that the defendant was in custody in that case. It's not necessary. And this Court's opinion in People v. White, which I discussed in the opening and reply brief in which the State doesn't address in its brief, shows that neither surrendering an exoneration of bond nor an arrest warrant nor even any charge is necessary to show the defendant is in custody. In White, the defendant was in prison on a prior conviction. He's released on MSR. While on MSR, he engages in some conduct that violates the MSR, and he's put back in prison. Six months go by. There's no new charge. There's no arrest warrant. There's no bond set, obviously. On appeal, he argued that he was entitled to simultaneous credit for that six months for the subsequent conviction and sentence and the new charges that stem from the MSR violation. This Court held that he was correct. He was entitled to that credit because to deny him the credit under the circumstances of that case would be an improper manipulation of his liberty. Essentially, the failure to charge him for that six months, the failure to seek or issue an arrest warrant for that six months was inadvertent. It was an oversight. This is consistent with the general legislative intent of subsection B of the custody credit statute, which is to make sure that defendants are not denied credit for time served through technical evasion on the part of the state. In Webb's case, we have the same situation. From June to September 2013, as I said, we have a number of things that support the Court's ultimate ruling that she started custody credit or started custody in will in summer of 2013. The petitioner remote file, arrest warrant application, which the judge fails to rule on inadvertently through some oversight. We don't know what it is, but it was applied for. The fact that the judge didn't rule on it does not establish that she wasn't in custody. It was to deny her that credit because the Court repeatedly refused or, sorry, the Court repeatedly failed to rule on the warrant application, would be to sort of improperly manipulate her liberty just as it was in White. Through no fault of her own, she's in jail in Cook County that whole time. Through no fault of her own, the arrest warrant application isn't granted. To deny her that credit under that circumstance would basically flout the intent behind the statute, which is to make sure she doesn't get denied custody credit because, for example, the government failed to do the paperwork that was required. Again, ultimately, the Court found that she was in custody. The record supports the Court's ruling, and the State acquiesced in that finding. So on appeal, the State challenged the Court's order in that regard by arguing that she wasn't in custody because the State already took the position that she was. The State proposed she's in custody as of summer 2013. She's entitled to get simultaneous custody credit through September 18, 2013, the day she started her Cook County term. So the Court cleared the air when the Judge found that she wasn't entitled to continue to recruit pre-sentenced custody in her Will County cases when she started her prison term. On appeal, the State doesn't contend that the Court was correct, and it can't. Instead, the State argues that Webb can't get the credit she seeks because her Will and Cook County sentences were mandatorily consecutive, and a new subsection E of the Custody Credit Statute barred her from getting the credit. Both points are wrong, and both points are inconsistent with the State's position in the trial court. In its brief, where the State argues that she was subject to mandatory consecutive terms, as the State sees it, she's subject to mandatory consecutive terms because she was on probation in Will when she committed her offense in Cook. The State cites no law to support this. The concurrent consecutive sentencing statute does not state that being on probation in a case and committing a new offense is a condition under which mandatory consecutive terms apply. In cases like People v. MERS, which I cite in the reply ratio, that if you're on probation when you commit a new offense, you are not necessarily subject to consecutive terms. The court still has to find that this court might have discretion to find that consecutive terms are necessary, but you are not automatically subject to consecutive terms in those situations. The record here doesn't support the State's contention on appeal. In resentencing, again, trial counsel argued she can serve these sentences concurrently by law, and therefore she's entitled to the credit. The judge said that would be valid, except that she didn't start all her prison terms at the same time. So the judge agreed that if she had started her Cook sentence and her Will sentence at the same time, she would have served them concurrently. So the record here doesn't support the State's argument. And, of course, the prosecutor acquiesced in the finding that she was entitled to simultaneous credit for summer 2013, which the State couldn't agree to if she was subject to mandatory consecutive terms. And that comes to sort of the second problem with the State's arguments on appeal. You know, the State can't proceed in one manner in the trial court and then come into this court and say, we were wrong about that. Nor may the State advance a theory or argument on appeal that is inconsistent with its position in the trial court. And while generally the prevailing party can point to anything in the record to support the trial court's judgment, that rule doesn't apply when that party acquiesced in contrary findings in the trial court, which is stated here. So in Webb's case, the prosecutor proposed that she was entitled to simultaneous custody through September 18, 2013, the day she started her Cook prison term. When he did this, he necessarily took the position that she's not subject to mandatory consecutive terms or consecutive terms generally at all. A simultaneous credit and consecutive terms are mutually exclusive. At the very least, the State acquiesced in the trial court's findings that Webb started her simultaneous custody in summer 2013. And on appeal, the State doesn't explain why this court shouldn't hold it to its position in the trial court. Accordingly, the court should reject the State's attempt to change course now and argue that she is subject to mandatory consecutive terms. The State's argument as to subsection E of the custody credit statute is similarly flawed. That provision didn't bind the court at Webb's resentencing in Will County. And the State's argument to the contrary, again, contradicts its position in the trial court. So Webb committed her offenses in 2007, 2008, 2009. Subsection E doesn't go into effect until 2010. At resentencing, the court could have given her any sentence that was available at her original sentencing in 2011. In 2011, the court could have sentenced her under whatever law was in effect as of 2007, 2008, 2009. So therefore, the trial court is now bound by subsection E when it sentences her in Will County. Indeed, when the court credited her for the simultaneous custody in summer 2013, the court implicitly found that subsection E didn't bar him from giving her that credit. And again, the prosecutor acquiesced in this finding. His position was that Webb started simultaneous custody in June 2013, and she remained in that custody through the day she started her prison term in Cook County. That necessarily means that his position was that subsection E didn't apply because she was being sentenced under the law in effect when she committed her crimes, or it applied because the State was either waiving it or meaning to give her the credit, which the statute authorizes. Either way, the State can't claim on appeal that that subsection somehow prevents her from getting the credit she seeks here. Essentially, that ship sailed in the trial court, and it was the State that christened the boat. And for the reasons addressed here today in Webb's brief, we're asking the court to give her custody credit, to modify remittance, to show that she was in custody in Will County from September 19, 2013, through the end of her prison term in Cook County, November 20, 2014. If Your Honors don't have any questions, I think I'm... Thank you. Ms. Duffy? Good morning. Good morning, Your Honors. Counsel? I find this argument somewhat confusing. The sole issue here is whether or not this defendant is entitled to time spent in custody from September 18, 2013, to November 20, 2014. It's well over a year. I noted in my brief that she was given credit from June 6 of 2013 through September 18 of 2013. That is time she spent pre-sentence custody in Cook County. She was given 69 days of credit for that. Whether she was entitled to it or not, I don't know. It was given to her. I haven't argued that you should make any determination on that and reverse that ruling. That's fine. When she entered a guilty plea in these cases in Will County, that's cases from 2007, 2008, 2009, she was sentenced to task probation. So when she was arrested in Cook County and charged with the forgery, that case went forward. She was convicted one way or another and sentenced to the Department of Corrections. She's still on probation in Will County. There is no arrest warrant issued for her, and she's out on bond. She served the sentence that she received in Cook County. And part of the time she is asking for is time that she was in the Department of Corrections on a subsequent offense. She's not entitled to that. This is not simultaneous custody. She was not in custody in Will County at any time that she was incarcerated for the Cook County offense. Once the Cook County offense was served, they ridded her back to Will County. They exercised the warrant. She ended up agreeing to the disposition that her probation was then revoked. Once her probation was revoked, she was sentenced to consecutive sentences of three years. Three, three, three, for the three offenses in Will County. Now, I'm not sure, you know, you're asking for time that she spent serving another sentence when what the statute contemplates is you get day-for-day credit towards your sentence for time spent in custody for the offense for which you're being sentenced. Not for a subsequent offense that you committed and went to DOC on. That's not simultaneous custody. She was only in custody for that offense at that time. And I think the statute is pretty clear when it says that, Now, this is in 2014, and she didn't seek this credit below. I keep hearing counsel argue about, you know, I'm asking you to do something that counsel agreed to before. No, I'm not. I'm just dealing with that time that this defendant spent in custody on the Cook County case. That being September of 2013 to November of 2014. That only. But the statute seems to be pretty clear that when you're charged with the commission of an offense committed while on probation, which the Cook County case was, you will not be given credit for time spent in custody under subsection B for that offense or any time spent in custody as a result of revocation of probation. Now, you know, I don't know what else to say. I think that pretty much says it all. And when you talk about simultaneous custody, that's not existent here. You talk about the judge having and prosecutor agreeing to give her this credit, that's not accurate. That didn't happen. Nor should this court decide that she is entitled to credit for over a year, almost 14 months of credit, that she spent serving time in the Department of Corrections for a subsequent offense. Do you have any questions on this issue? Thank you. Thank you, Your Honor. Thank you, Ms. Coffey. Mr. Kouadas? Your Honors, I don't understand the argument that she wasn't in simultaneous custody. The trial court found she was. The court's ruling shows that she was in custody from June 6, 2013 to September 18, 2013 in Will County cases. The state's just fundamentally wrong. The sentencing order says she's in custody in Will County on those dates. The prosecutor agreed that she was in custody, that her custody in Will County started in June 2013. The appellate prosecutor is just wrong about what the record says. How long did she remain in custody in Will County? She was in custody for – she started her custody in June 2013. It never ended. It never ended? No. She's remained in custody that whole time from June 2018, 2013 to November 20, 2014. She's in custody in Will County that whole time. And again, the state comes to the arrest warrant application. That is not dispositive on the issue. I discussed White when I came up here the first time. This court's opinion in White demonstrates – It's going to be very simple about it. She's actually in Will County Jail during that time period. She is in Cook County Jail. Oh. So she's not in custody in Will County? She's not in a jail cell in Will County, but she's in simultaneous custody. She can't obviously be in two places at once, but our law is due entitled defendants to simultaneous custody. So this is all silence to the average citizen in this state? Well, luckily I'm talking to appellate court judges and not the average citizen. Well, that's probably too bad. The average citizen may have more common sense. I mean, Your Honor, as the state is talking about how you can't get simultaneous custody credit under the custody credit statute, the state's argument is contradicted by Supreme Court opinion in People v. Robinson as well as many, many appellate court cases that say, absolutely, you can get simultaneous credit in one case while serving a sentence in another. And one of those cases is this court's opinion in People v. White. Another one of those cases is this court's opinion in People v. Chamberlain, in which, Your Honors, Justice O'Brien and Justice Holderidge joined. And it's not a case that's cited in the briefs, and so I'll have to file a motion asking to cite it as additional authority. In that case, the defendant was in a youth detention facility. He committed an offense. He was transferred to a jail two weeks later, and this court gave him custody credit for the 15-day period from the time he committed the offense to the time he was transferred to the jail, even though no new charges were filed and no arrest warrant was issued and there was no bond. So the state is simply wrong, mainly when it argues that you can't approve pre-sentence custody while serving a prison sentence. The state cited nothing in its brief to support that. The state hasn't cited anything in this court today to support it. It's wrong. Excuse me. Essentially, they all sort of post-stated Robinson, which is the case where the Supreme Court rejected construing subsection B narrowly to exclude the defendant or to prevent the defendant from getting custody while serving, to prevent the defendant from getting simultaneous custody when he's in custody in more than one case at the same time. But did Robinson involve the bond issue? I don't recall if... I honestly right now don't recall if Robinson... I don't recall if Robinson specifically involved bond, but later cases that interpret Robinson and rely on Robinson show that that's not necessary. Bond isn't dispositive. I don't know that the Supreme Court has ruled on it, but definitely this court has in at least two cases, neither of which the state attempts to distinguish from Webb's case right now. Again, I'm referring to People v. White, which is a 2005 case, and People v. Chamberlain, which I think is also 2005. Again, I'll have to file a motion to cite Chamberlain as additional authority. But I believe Chamberlain is discussed in Johnson and White, especially in Johnson, I think, when it's sort of construing the post-Robinson cases that sort of show that a defendant can get simultaneous custody while in prison sentence for another offense. Simultaneous credit. Sorry, simultaneous credit. Thank you. So as to whether subsection E applies, again, the state's position in the trial court was that she was entitled, that she started simultaneous custody in 2013, and she was entitled to that credit. That's flatly inconsistent with any argument that that statute applies. And again, the court found she was in custody during that time. That ruling is basically untouchable because the state can't challenge it here because it took a contrary position in the trial court. Again, we're asking the court to amend the minimus, to modify the minimus to show that she was in custody on these Will cases through September 18, 2013, through November 20, 2014, based on the trial court sentencing order. Thank you, Your Honors. Thank you. We thank both of you for your arguments this morning. We'll take the case under advisement and we'll issue a written decision as quickly as possible. The court will stand in brief recess for a panel hearing.